UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JASVIR KAUR and HARJIT JOHAL,

Defendants.

No.  14cr00169-GEB

**TIAL CONFIRMATION ORDER1**

Trial in the above-captioned case, scheduled to commence at 9:00 a.m. on March 14, 2017, was confirmed at the hearing held on February 10, 2017.

**EVIDENTIARY DISPUTES**

All evidentiary disputes capable of being resolved by in limine motions shall be filed no later than February 22, 2017. Oppositions to the motions or statements of non-opposition shall be filed no later than March 1, 2017.  Hearing on the motions shall commence at 9:00 a.m. on March 3, 2017.

Any reasonably anticipated dispute concerning the admissibility of evidence that is not briefed in an in limine motion shall be included in trial briefs. E.D. Cal. R. 285(a)(3).

**TRIAL PREPARATION**

A.  No later than March 6, 2017, the following documents shall be filed:

(1) proposed jury instructions and a proposed verdict form;

(2) proposed voir dire questions to be asked by

1    the Court;

2                    (3)  trial briefs; and

3                    (4)  a  joint  statement  or  joint  proposed  jury

4    instruction that can be read to the jury during voir dire that

5    explains the nature of the case.

6             B.   The government's exhibits shall be numbered with

7    stickers.  Should  the  defendant  elect  to  introduce  exhibits  at

8    trial, such exhibits shall be designated by alphabetical letter

9    with stickers.  The parties may obtain exhibit stickers from the

10   Clerk's Office.   The government shall file an exhibit list and a

11   witness list as soon as practicable.

12            C.   The  parties  estimate  it  will  take  six  (6)  court

13   days  to  try  the  case,  which  includes  closing  arguments.  Each

14   Defendant  has  ten  (10)  minutes  for  voir  dire  and  the  government

15   has  twenty  (20)  minutes,  which  may  be  used  after  the  judge

16   completes  judicial  voir  dire.  Two  (2)  alternate  jurors  will  be

17   empaneled, if feasible.

18            The  "struck  jury"  system  will  be  used  to  select  the

19   jury  unless  this  case  is  reassigned  and  the  reassigned  judge

20   elects  to  use  another  system.  The  struck  jury  system  is  "designed

21   to allow both the prosecution and the defense a maximum number of

22   peremptory challenges. The venire . . . start[s] with about 3[6]

23   potential  jurors,  from  which  the  defense  and  the  prosecution

24   alternate[]  with  strikes  until  a  petite  panel  of  12  jurors

25   remain[s]." Powers v Ohio, 499 U.S. 400, 404-05 (1991); see also

26   United States v. Esparza-Gonzalez, 422 F.3d 897, 899 (9th Cir.

27   2005) (discussing the "struck jury" system).

28            The  Jury  Administrator  randomly  selects  potential

1  jurors and places their names on a list that will be provided to
2  each party in the numerical sequence in which they were randomly
3  selected. Each juror will be placed in his or her randomly-
4  selected seat. The first 12 jurors on the list will constitute
5  the petit jury unless one or more of those 12 is excused for some
6  reason. Assuming that the first listed juror is excused, the
7  thirteenth listed juror becomes one of the twelve jurors.

8       The Courtroom Deputy will give each juror a large
9  laminated card on which the numerical order the juror has been is
10 placed.

11      Following the voir dire questioning, each side will
12 take turns exercising its peremptory challenges. The parties will
13 be given a sheet of paper ("strike sheet") upon which they shall
14 silently exercise their peremptory challenges in the manner
15 specified on the strike sheet. If a side elects to pass rather
16 than exercise a particular peremptory challenge, the word "pass"
17 placed on the strike sheet for the past challenge and that
18 challenge is waived.

19      The parties requested that the alternate jurors be
20 retained after the jury retires to deliberate, and that the
21 alternate jurors would then no longer be required to appear in
22 court unless directed to appear by the Courtroom Deputy.

23      D.  If any party desires training on the court's audio
24 visual equipment that party should contact Richard Arendt in the
25 IT  Department  to  make  arrangements  for  training.
26 rarendt@caed.uscourts.gov    The  courtroom  is  available  for
27 training Monday through Thursday between 8:00 and 8:30 a.m. If
28 training is not needed and a party wants to test the equipment,

this can be done the morning of trial between 8:00 and 8:30 a.m.

        E.   Each Defendant has ten (10) minutes to make an opening statement and the government has twenty (20) minutes to make an opening statement.

        IT IS SO ORDERED.

Dated:  February 10, 2017

                           _____

                           GARLAND E. BURRELL, JR.
                           Senior United States District Judge