UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>HARJIT KAUR JOHAL, and JASVIR KAUR,<br>　　　　　Defendants. | No.  2:14-cr-00169-GEB<br><br>**ORDER** |

Defendant Harjit Kaur Johal moves in limine for an order quashing the superseding indictment, based on the following arguments: "[t]he Government should not be allowed to use any part of the transcript of Harjit Kaur Johal's appearance before the Grand Jury on May 8, 2014," because "Harjit Kaur Johal is a Punjabi speaker and . . . testif[ied] through an interpreter [and the] transcript does not identify the interpreter . . . nor . . . indicate that the interpreter [] compl[ied] with Federal Rule of Evidence 604." (Mot. In Lim. 1:15-24, ECF No. 160.)

The government opposes the motion, arguing "Kamal Judge, the translator during Johal's testimony, is a court-certified and sworn translator who has a previously-sworn standing oath on file with the Eastern District of California, where she has appeared innumerable times." (Gov't Opp'n to Mot. In Lim., 2:13-15, ECF No. 165). The government has also attached

to its opposition Kamal Judge's previously-sworn oath on file in the Eastern District of California. In light of the government's response, this motion is denied.

Defendant also moves for an order limiting the government's case in chief against him to the year 2013. (Mot. at 2:4-10.) The government opposes the motion, arguing that Defendant, "[w]ithout expressly saying so," is challenging the government's "notice under Rule 404(b) of the Federal Rules of Evidence that it intended to present some evidence of the fraud scheme underlying the perjury at issue in trial." (Gov't Opp'n at 2:24-26.) Defendant has not shown this motion should be granted. Therefore, it is denied.

Defendant also moves for an order concerning pay stub evidence which is not concrete enough for an in limine ruling and is therefore denied.

Lastly, Defendant moves for an order requiring the government to disclose "any informant that it has used in its investigation of [him]" and "any agreements and the benefits offered to any witnesses the Government has used in the investigation that led to [his] indictment." (Mot. 2:25-26, 3:3-5.) The government responds that it "holds a privilege to 'withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of the law.'" (Gov't Opp'n at 5:7-9 (quoting Roviaro v. United States, 353 U.S. 53, 59 (1957)).) The government also argues that "[t]he burden rests on the defendant to demonstrate that disclosure is necessary . . . " (Id. at 5:17-19 (citing United States v. Rawlinson, 487 F.2d 5, 7 (9th Cir. 1973)).) The

1  government further states it "will not introduce at trial any
2  evidence or information obtained from an informant. The evidence
3  to be introduced at trial was independently developed by law
4  enforcement. " (Id. at 5:28-6:5.) Defendant has not sustained the
5  disclosure burden concerning the purported confidential informant
6  he references, and the government states it "has produced . . .
7  any material in its possession that is relevant and helpful to
8  the defense." (Id. at 6:3-7.) Therefore, the motion is denied.

9       Each Defendant also moves for severance from the co-
10 defendant, arguing the indicted charges are unrelated and
11 separate trials are required. The government filed an opposition
12 to the motions in which it explains that the referenced "charges
13 are logically connected because they are founded upon the same
14 materially [alleged] false statements given in the course of the
15 same grand jury investigation of a common fraud scheme, [and that
16 the government intends to prove the charges] by substantially the
17 same evidence." (Gov't Opp'n to Mot. to Sever. at 5:25-28, ECF
18 No. 166.) Defendants have not shown that severance is required.
19 Therefore, each severance motion is denied.

20      The government moves in limine arguing it "anticipates
21 [Defendants] may seek to present a defense of duress[ and a]bsent
22 a pretrial proffer that establishes a prima facie showing
23 supporting each of the elements necessary to maintain that
24 defense, the defendants should not be permitted to introduce any
25 evidence of duress." (Gov't Mot. in Lim., 1:20-22, ECF No. 159.)
26 Each Defendants filed a statement of non-opposition to this
27 motion. (See ECF No. 163 (Defendant Karjit Kaur Johal's statement
28 of non-opposition); ECF No. 164 (Defendant Jasvir Kaur's

1  statement of non-opposition).)  This motion has not been shown to
2  concern a controversy justifying an in limine ruling, and appears
3  to concern a matter at 5:25-28 on which the parties agree.
4  Therefore, no in limine ruling issues.
5       In light of the rulings on the motions, the hearing
6  scheduled on March 3, 2017 is vacated.
7  Dated:  March 2, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4