UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JASVIR KAUR,<br><br>　　　　Defendant. | No. 14-cr-00169-GEB<br><br>**ORDER ON BAIL PENDING APPEAL** |

Defendant Jasvir Kaur moves under Rule 46(c) of the Federal Rules of Criminal Procedure for her continued release on bail pending appeal. The government opposes the motion.

Rule 46(c) prescribes: "The provisions of 18 U.S.C. § 3143(b) govern release pending sentencing or appeal. The burden of establishing that the defendant will not flee or pose a danger to any member of the community rests with the defendant." Kaur argues her motion should be granted because under the "clear and convincing evidence" standard she is

> not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of [title 18]; and [her] . . . appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal.

Def's Mot. 5, ECF No. 263 (quoting 18 U.S.C. § 3143(b)).

Kaur contends substantial questions are involved in her appeal since she made a severance motion which argues should have been granted because she and the co-defendant Ms. Harjit Johal "were not charged in participation in the same acts" and because the evidence was insufficient to support the verdict. Def.'s

1

Mot. 7:11-13, 8:22-24, 9:6-8.

Kaur argues she "was released on a $25,000 unsecured appearance bond co-signed by her husband[;] was on unsupervised release because of her lack of criminal history[; and, she is] not . . . a flight risk." Mot. 6:9-10. The record supports Kaur's contention that she is not likely to flee or pose a danger to any person in the community if she is not incarcerated.

Kaur also argues her appeal concerns the following substantial questions each of which is likely to result in reversal: the court erred when it failed to grant her severance motion, the evidence is insufficient to support her perjury conviction, and the insufficient evidence exists to sustain the perjury charge of conviction and its connection to the scope of the Grand Jury's investigation during which she was found to have given perjured testimony.

The United States counters that defendants were properly joined for trial under Federal Rule of Criminal Procedure 8(b) since they "participated in a common plan, scheme, or conspiracy," and that there was sufficient evidence to support the verdict. Opp'n 4:24-26, 5:28-6:3, 6:22-23, ECF No. 269.

"[A] 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.' 'In short, a "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous.'" United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (first quoting D'Aquino v. United States, 180 F.2d 271, 272 (9th Cir. 1950); then quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985); and then quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir.

1985)).

Kaur has not shown the existence of substantial questions on the appellate issues involved in her appeal. Therefore, the motion is denied and the hearing on the motion scheduled on August 25, 2017, is vacated.

Dated: August 22, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge